UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEATHER JANE CLOWDUS,

        **Plaintiff,**

v.                                                                                  Case No:  6:15-cv-1829-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

# MEMORANDUM OF DECISION

Heather Clowdus (the "Claimant"), appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to adequately weigh and consider the opinions of Dr. Nitin Chhabra, Claimant's treating physician; 2) relying on the testimony of the Vocational Expert ("VE") after posing a hypothetical that did not accurately reflect Claimant's limitations; and 3) failing to adequately assess Claimant's credibility with regard to pain caused from a back condition. Doc. No. 20. at 10-14; 21- 25; 27-31. Claimant requests that the matter be reversed for an award of benefits or, in the alternative, be remanded for further proceedings. *Id.* at 34. For the reasons set forth below, the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings.

I.      **FACTUAL BACKGROUND**

On November 26, 2012, Claimant applied for DIB. Doc. No. 20 at 1. The Social Security Administration denied Claimant's application on January 25, 2013. *Id.* On February 5, 2013,

Claimant filed a Request for Hearing. *Id.* On May 7, 2014, a hearing was held before the ALJ. *Id.* On June 13, 2014, the ALJ issued an unfavorable decision. *Id.* Claimant appealed the decision to the Appeals Council on June 24, 2014. *Id.* On August 27, 2015, the Appeals Council denied Claimant's appeal. *Id.* On October 28, 2015, Plaintiff filed this appeal. Doc. No. 1.

## II.   STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   VOCATIONAL EXPERT HYPOTHETICALS

In order for the testimony of a VE "to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*,

284 F.3d 1219, 1227 (11th Cir. 2002); *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). Failure to recite a complete hypothetical to the VE is generally reversible error. *See Winschel*, 631 F.3d at 1181 (holding that the ALJ committed reversible error by failing to include a claimant's moderate limitation as to concentration, persistence, and pace).

## IV.   ANALYSIS

One of the issues central to Claimant's appeal is the hypothetical posed to the VE at Claimant's hearing on May 7, 2014. Claimant argues that: 1) the ALJ erred in the treatment of the VE's testimony, particularly regarding whether a hypothetical person with Claimant's Residual Functional Capacity ("RFC") could perform Claimant's past relevant work; and 2) the ALJ erred by giving an incomplete hypothetical to the VE. Doc. No. 20 at 24. The Commissioner argues that the VE's testimony was "superfluous" and that "the ALJ decided this case at step four, *not at step five*." Doc. No. 20 at 25-26 (original emphasis included).

In her opinion, the ALJ made the following determination regarding Claimant's RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant is able to occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs but may never climb ladders, ropes, or scaffolds. She must avoid unprotected heights and concentrated exposure to vibration. [*] She is able to stand for 30 minutes at a time and sit for 30 minutes at a time, and therefore must be allowed to alternate between standing and sitting every 30 minutes as needed while remaining on task. The claimant is able to perform goal oriented work rather than work that requires stringent production or fast pace. [**] She will be off task 10 percent of the day and will miss 1 and occasionally 2 days of work per month.

R. 25 (brackets added). However, when reciting an RFC to the VE, the ALJ only included portions of the above referenced RFC. R. 59-60. The first hypothetical included the aforementioned RFC determination up to the first asterisk [*]. R. 59. The second hypothetical included the

aforementioned RFC determination up to the two asterisks [**]. *Id.* The ALJ asked a final hypothetical which incorporated the person indicated in the second hypothetical, but included the fact that the person "is limited to sedentary work." R. 60. When asked whether such a hypothetical person would "be able to perform any of the Claimant's past relevant work," the VE said: "I would say the sedentary jobs she would not be able to perform." R. 60 (emphasis added). The Court interprets such an exchange as meaning that if the hypothetical individual were limited to sedentary work, that person would not be able to perform any of the Claimant's past relevant work.

The Court rejects the Commissioner's argument that the VE's testimony was superfluous and that the ALJ decided this case at step four, rather than at step five. Doc. No. 20 at 25-26. When deciding whether Claimant is capable of performing her past relevant work, the ALJ noted:

> In comparing the claimant's [RFC] with the physical and mental demand of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. The [VE] testified that the Dictionary of Occupational Titles classifies the positions of margin clerk, administrative assistant, and accounting clerks as generally performed at a sedentary exertional level and the claimant actually performed these positions at a sedentary level. Furthermore, [the VE] testified that the additional limitations in the claimant's [RFC] would not preclude this work.

R. 29 (emphasis added). Thus, even though the Commissioner argues that the VE's testimony is superfluous, the record shows the ALJ expressly relied on the VE's testimony in her determining Claimant could perform her past relevant work. Moreover, the ALJ misstated the opinion of the VE that Claimant would not be able to perform past relevant work if she were limited to sedentary positions. R. 60. Such a misstatement of record evidence is reversible error. *See Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995) ("The ALJ has the obligation of developing a full and fair record regarding the vocational opportunities available to a claimant."). *See also, Smith v. Astrue*,

No: 3:08-cv-406-J-TEM, 2009 WL 3157639, at *3 (reversing the ALJ's decision because "the ALJ misstated the record on a number of points.").

After reviewing the hearing transcript, the Court also finds that the ALJ gave an incomplete hypothetical to the VE. When posing the second hypothetical to the VE, the ALJ states:

> For my next hypothetical assume a person of the claimant's age, education, work experience with the [RFC] indicated in hypothetical number one. Except hypothetical individual is able to stand for 30 minutes at a time and sit for 30 minutes at a time. And therefore must be allowed to alternate between standing and sitting every 30 minutes while remaining on task. A hypothetical individual is able to perform goal oriented work rather than work that requires stringent production at fast pace. Strike that.

R. 59. The Court interprets the ALJ's request to "strike that" as the ALJ's intention to delete the sentence immediately prior to that statement. Therefore, in the hypothetical question to the VE, the ALJ omitted the limitation from the RFC to goal, rather than production, oriented work. *Cf.* R. 25 & 59.

As stated above, if the ALJ relies on the testimony of a VE, the ALJ must "pose a hypothetical question which comprises all of the claimant's impairments." *Wilson*, 284 F.3d at 1227. If the ALJ does not adhere to this requirement, then any reliance upon that VE testimony is not based on substantial evidence. *Id.* The record shows that the ALJ posed an incomplete hypothetical to the VE. Furthermore, the ALJ relied on the VE's testimony when making her determination of whether Claimant could perform her past relevant work. R. 29. Accordingly, the ALJ committed reversible error due to her failure to pose a complete hypothetical to the VE.[1]

---

[1] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

V.     **CONCLUSION**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE and ORDERED** in Orlando, Florida on December 8, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate
PO Box 940989
Maitland, FL 32794

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable L. Raquel BaileySmith
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224